## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### PARKERSBURG DIVISION

CARL M. DULANEY,

        Plaintiff,

v.                                            CIVIL ACTION NO. 6:04-cv-00724

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

### MEMORANDUM OPINION AND ORDER

In this action, the plaintiff is seeking review of the Commissioner of Social Security's final decision denying the plaintiff's application for disability insurance benefits (DIB) and supplemental security income (SSI), pursuant to Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 401–433, 1381–1383f (2000). The matters pending before the court are the parties' cross motions for judgment on the pleadings.

On July 16, 2004, this action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) [Docket 3]. On August 2, 2005, the Magistrate Judge submitted her Findings and Recommendation [Docket 15], which recommend that the court deny the plaintiff's motion for judgment on the pleadings [Docket 10], grant the defendant's motion for judgment on the pleadings [Docket 12], and affirm the final decision of the Commissioner. On September 7, 2005, the plaintiff filed timely objections [Docket 18] to the Magistrate Judge's findings of fact.

The court has reviewed *de novo* those portions of the Magistrate Judge's Findings and Recommendation to which the plaintiff objects and the court finds the objections lack merit.  For reasons set forth below, the court **ADOPTS** the Findings and Recommendation of the Magistrate Judge, **DENIES** the plaintiff's motion for judgment on the pleadings, **GRANTS** the defendant's motion for judgment on the pleadings, **AFFIRMS** the final decision of the Commissioner, and **ORDERS** that this matter be **DISMISSED**.

I. Background

The plaintiff, Carl Dulaney, filed applications for SSI and DIB on December 10, 2002. Dulaney alleged a disability beginning in September 22, 2002.  This disability allegedly consisted of chronic back pain, a bulging disc, bone spurs, and degenerative disc disease.  Following the initial denial of plaintiff's claims, the plaintiff received a hearing before the Honorable Ronald Chapman, Administrative Law Judge (ALJ), on November 4, 2003.  The ALJ determined Delaney was not entitled to benefits and the Appeals Council denied the plaintiff's request for review on May 28, 2004.  Delaney then brought the pending action on July 16, 2004.

II. Standard of Review

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (2000). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, "[i]t consists

of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the court does not resolve conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Despite this deference, the court still "must not abdicate [its] traditional functions; [it] cannot escape [its] duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

### III. Analysis

In making a determination on an applicant's SSI and DIB claims, an ALJ must follow a five-step, "sequential evaluation" of disability set forth in the Commissioner's regulations. 20 C.F.R. §§ 404.1520, 416.920 (2003). The regulations require the ALJ to consider whether a claimant 1) is working, 2) has a severe impairment, 3) has an impairment that meets or equals the requirements

of a listed impairment, 4) can return to the claimant's past work, and 5) if not, whether the claimant can perform other work. *Id.* If the ALJ decides a claimant does not satisfy any step of the process, review does not proceed to the next step. *Id.*

Once the plaintiff satisfies inquires one, two, three, and four, a prima facie case of disability is established. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner when considering the fifth factor. *McLain v. Schweiker*, 715 F.2d 866, 868–69 (4th Cir. 1983). The Commissioner must show that 1) the plaintiff has the capacity to perform an alternative job given the plaintiff's age, education, work experience, skills, and physical shortcomings, and also that 2) this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this case, the ALJ's inquiry stopped at the third step. Because the plaintiff had not been gainfully employed since the alleged onset of the disability and because the plaintiff suffered from a severe impairment, the ALJ found that the plaintiff met the first two steps. The ALJ, however, decided the plaintiff did not meet the third step because the plaintiff did not have an impairment that met or equaled the requirements of a listed impairment. The ALJ, noting also that the plaintiff could return to his past relevant work and that there were many comparable jobs within the national economy available to him, denied benefits to Dulaney.

Based upon the standard of review set forth above, this court must determine whether the Commissioner's final decision, based upon the ALJ's determination, is supported by substantial evidence. The plaintiff contends that the ALJ's decision was not supported by substantial evidence because the ALJ made inconsistent findings concerning Dulaney's mental and physical residual functional capacities. The court finds that the ALJ's decision was supported by substantial evidence.

The ALJ considered the entire record and issued detailed reasons for his decision in all respects. The ALJ's several contradictory statements do not affect the fact that his final conclusions were grounded in substantial evidence. The court finds that the contradictory statements made by the ALJ constitute harmless error. The court adopts the findings of the Magistrate Judge with regard to these contradictory statements.

## IV. Conclusion

Accordingly, the court **DENIES** the plaintiff's motion for judgment on the pleadings, **GRANTS** the defendant's motion for judgment on the pleadings, and **AFFIRMS** the final decision of the Commissioner. The court **ORDERS** that this matter be **DISMISSED** from the court's docket.

The court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Stanley, counsel of record, and any unrepresented parties.

ENTER: September 27, 2005

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE